IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BRENTLEY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-489 |
| | ) |
| | ) |
| CITY OF PITTSBURGH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Presently before the Court are Defendants' Motion to Dismiss Amended Complaint and brief in support (Docket Nos. 28, 29), Plaintiff's Response to Defendants' Motion to Dismiss and Motion to Amend the Complaint ("Response and Motion to Amend") (Docket No. 31), and Defendants' reply thereto (Docket No. 32). For the reasons set forth below, Plaintiff's motion to amend will be granted, and the Court will defer ruling on Defendants' motion to dismiss at this time.

**I.   Background**

This case involves claims of employment discrimination brought by Plaintiff Mark Brentley, Sr., a former employee of the City of Pittsburgh, against Defendants City of Pittsburgh, Mike Gable, William Peduto, Tyrone Clark, Cynthia McCormick, and Linda Johnson-Wasler. Plaintiff, who is proceeding *pro se* in this matter, had his original Complaint filed on April 9, 2020. (Docket No. 3). After Defendants filed a motion to dismiss Plaintiff's Complaint (Docket No. 7), Plaintiff filed his Amended Complaint on October 1, 2020 (Docket No. 15). The Amended Complaint includes claims of racial discrimination pursuant to Title VII of the Civil Rights Act of

1

1964, 42 U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act; wrongful termination pursuant to 42 U.S.C. § 1983; retaliation pursuant to 42 U.S.C. § 1981; and defamation pursuant to 42 Pa. C.S. §§ 8341-45. The Amended Complaint also states that the action is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12010 et seq. ("ADA"), and the Rehabilitation Act of 1973.

Defendants filed their motion to dismiss the Amended Complaint on November 26, 2020. Plaintiff now seeks to file a second amended complaint, and Defendants oppose Plaintiff's motion to amend.

## II. Legal Analysis

### A. Amendment of Pleadings Under Federal Rule of Civil Procedure 15

Federal Rule of Civil Procedure 15 permits a party to "amend its pleading once as a matter of course" within 21 days after serving it or within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent" or with leave of court. Fed. R. Civ. P. 15(a)(2). A decision on a motion to amend is committed to the sound discretion of the trial court. See Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990). Courts are liberal in permitting amendment of pleadings, as Rule 15 specifies that leave shall be freely given "when justice so requires," and the burden of showing that justice requires such amendment rests with the party seeking leave to amend. Fed. R. Civ. P. 15(a)(2); see Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990); Katzenmoyer v. City of Reading, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001).

The policy favoring liberal amendment has limits, however, and a court can deny leave to amend under Rule 15(a) if it determines that amendment of a pleading would be unjust. See

Kitko v. Young, Civ. Action No. 3:10-189, 2013 WL 126324, at *2 (W.D. Pa. Jan. 9, 2013).  In making such determination, "'prejudice to the non-moving party is the touchstone for the denial of an amendment,'" and it is the defendant who "bears the burden of demonstrating prejudice sufficient to deny leave to amend under Rule 15(a)."  Id. at *3, 7 (quoting Cornell and Co., Inc. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).  Even if substantial or undue prejudice has not been shown, denial of a motion to amend may also be based on a plaintiff's "'bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.'"  Id. at *3 (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)).  Since futility is assessed using "'the same standard of legal sufficiency as applies under Rule 12(b)(6),'" the Court "must take all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff."  Katzenmoyer, 158 F. Supp. 2d at 497 (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (describing the motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6))).  Accordingly, "[l]eave to file an amendment should only be denied if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### B. Plaintiff's Motion to File a Second Amended Complaint

In this case, the time for amending the Complaint as a matter of course has passed,  Plaintiff has amended his Complaint once already, and Defendants do not consent to Plaintiff's request to file a second amended complaint, so Plaintiff has appropriately sought leave to amend from the Court.  Defendants argue, however, that Plaintiff has not met the standard required for the Court to grant him leave to amend.

More specifically, Defendants state that, during the November 12, 2020 status conference held in this case, Plaintiff indicated that he did not intend to supplement his Amended Complaint with exhibits, yet Plaintiff has attached a number of exhibits to his Response and Motion to Amend, including documentation regarding his filings with the Equal Employment Opportunity Commission ("EEOC"). (Docket Nos. 31-1 to 31-4). Defendants assert that such exhibits cannot be incorporated into Plaintiff's Amended Complaint without express leave of Court, and that attaching such exhibits to his Response and Motion to Amend is inappropriate since he previously stated that no additional exhibits would be submitted.

Defendants also argue that permitting Plaintiff to amend his complaint would be futile since, in his Response and Motion to Amend, he has expressed both his intention to withdraw any claims arising under the ADA or the Rehabilitation Act, and his intention to include information about his EEOC filings. Defendants contend that the Court can dismiss the ADA and Rehabilitation Act claims in ruling on their motion to dismiss, and that adding information about Plaintiff's EEOC filings will not cure the pleading deficiencies in his Amended Complaint.

To the extent that Defendants wish to argue that they would be unfairly prejudiced if the Court grants Plaintiff's motion to amend, as explained, supra, Defendants bear the burden of demonstrating prejudice sufficient to deny leave to amend under Rule 15(a). See Kitko, 2013 WL 126324, at *7 (citing Dole, 921 F.2d at 488 (explaining that, "to make the required showing of prejudice . . . [Defendant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed"), and Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (explaining that a party that is opposing amendments "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely" (internal

4

quotation marks and citation omitted))).  Here, although Defendants cite to the parties' discussions during the status conference that was held in this case, they have not argued that they would be substantially prejudiced because their ability to present their case would be impaired in some way by permitting Plaintiff to file a second amended complaint clarifying his claims (and attaching exhibits) at this juncture.  Moreover, at this early stage of the litigation, the Court finds that Defendants would suffer no discernable prejudice in defending against Plaintiff's claims if he is permitted to amend his complaint once more.[1]

As previously explained, in addition to considering potential prejudice to the non-moving party, a court may also deny leave to amend if it finds that a plaintiff had bad faith or dilatory motives in seeking his amendment, that there was undue or unexplained delay, that there were repeated failures to cure the deficiency by previously allowed amendments, or that amendment would be futile.  See Kitko, 2013 WL 126324, at *3; Lorenz, 1 F.3d at 1414.  Here, Defendants make no argument that Plaintiff had bad faith or dilatory motives in seeking to amend once more or that there was undue or unexplained delay on his part, nor are any such problems apparent to the Court.  Additionally, while Plaintiff has amended his Complaint once, the Court – mindful of Plaintiff's *pro se* status – does not find that such fact precludes Plaintiff from having one more chance to amend his Complaint.

As to whether permitting Plaintiff to amend his Amended Complaint would be futile, the Court agrees that any claims brought pursuant to the ADA or the Rehabilitation Act could be dismissed regardless of whether Plaintiff files a second amended complaint, particularly since

---

[1] The Court notes that Defendants would be free to raise any objections to claims Plaintiff may assert in a second amended complaint through a motion to dismiss, if they choose to do so.  In doing so, Defendants are referred to the Order of Court regarding motions pursuant to Federal Rule of Civil Procedure 12(b), entered contemporaneously herewith, which requires certification of good faith efforts to confer with Plaintiff to determine whether any putative pleading deficiencies may be cured.

Plaintiff concedes in his Response and Motion to Amend that mention of such claims in the Amended Complaint was made in error. (Docket No. 31 at 4). However, the Court finds that permitting Plaintiff to file a second amended complaint to include additional information regarding his EEOC filings in support of his claims would not clearly be futile. In their brief in support of their Motion to Dismiss, Defendants repeatedly invoke Plaintiff's failure to provide details regarding his EEOC filings to support their arguments that Plaintiff's claims should be dismissed for failure to state claims upon which relief can be granted. Upon consideration of the situation presented in this particular case, the Court concludes that inclusion of information regarding Plaintiff's EEOC filings in a second amended complaint could permit Plaintiff to allege facts – if taken as true and viewed in the light most favorable to him – stating claims upon which relief could be granted. The Court therefore declines to find, at this juncture and under the facts of this particular case, that permitting Plaintiff to amend his claims would be futile because it is not "clear that no relief could be granted under any set of facts that could be proved consistent with" such allegations. Hishon v. Spalding, 467 U.S. at 73.

Therefore, taking into consideration Plaintiff's *pro se* status, and because the Court finds that permitting amendment would not be unjust under the circumstances presented here, the Court will provide Plaintiff with an opportunity to file a second amended complaint along with any relevant exhibits that he wishes to attach thereto.

### III. Conclusion

Accordingly, Plaintiff's Motion to Amend the Complaint shall be granted, and Plaintiff shall be permitted to file a second amended complaint along with attached exhibits. Additionally, since Plaintiff's filing of a second amended complaint would render Defendants' motion to dismiss moot, the Court will defer ruling on Defendants' motion to dismiss until after Plaintiff has had an

opportunity to file a second amended complaint. If Plaintiff fails to file a second amended complaint in accordance with the Court's Order, filed herewith, the Court will proceed to rule on Defendants' motion to dismiss at that time.

    An appropriate Order follows.

Date:  June 17, 2021                                        *s/ W. Scott Hardy*
                                                                                W. Scott Hardy
                                                                                United States District Judge

cc/ecf:  All counsel of record

        Mark Brentley, Sr. (via U.S. mail)